UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

ST. PAUL FIRE & MARINE INSURANCE
COMPANY

      Plaintiff,    Civil Case No. 3:09-CV-00476-RLV-DSC

  v.

RENNE ACQUISISTION CORP. DBA
AUTO RESOURCES GROUP; AUTO RAIL
SERVICES OF NEW BOSTON, INC., AUTO
RAIL SERVICES OF MARYLAND, INC.;
AUTO RAIL SERVICES OF KTP, INC.,
AUTO RAIL SERVICES OF
PENNSYLVANIA, INC., and
TOTAL DISTRIBUTION SERVICES, INC.

      Defendants.

**DEFENDANT TOTAL DISTRIBUTION SERVICES INC.'S REPLY TO
PLAINTIFF ST. PAUL'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS
THE COMPLAINT PURSUANT TO FEDERAL CIVIL RULE 12**

## I. INTRODUCTION

St. Paul Fire & Marine Insurance Company's ("St. Paul") Response in Opposition to the Motion to Dismiss filed by Total Distribution Services, Inc. ("TDSI") fails to provide this Court with any viable reason for not recognizing and applying the first-filed rule and dismissing this case (the "North Carolina Action") pursuant to Federal Civil Rule 12. St. Paul does not dispute that prior to filing this duplicative lawsuit, TDSI has already filed and served an against St. Paul in the United States District Court for the Western District of Kentucky (the "Kentucky Action") involving the exact <u>same parties</u>[1] and the exact <u>same issues</u> as this case. St. Paul instead distorts the first-filed rule by incorrectly suggesting that TDSI's prior underlying lawsuit against Auto

---

[1] As stated in TDSI's Motion to Dismiss, in the North Carolina Action, in addition to TDSI, St. Paul included its insureds as defendants. While TDSI believes it is not necessary or permissive to join the insureds, the appropriate procedures for St. Paul joining the other defendants to the earlier filed Kentucky Action are found in Fed. R. Civ. P. 19 and 20. Filing a separate new action on an identical claim in an effort to venue shop squanders judicial resources.

Resources Inc., ("ARG") is the first-filed suit for purposes of the evaluating TDSI's motion to dismiss. Additionally, St. Paul has failed to establish that any of the exceptions to the first-filed rule are applicable to this case.

The Court must dismiss this case under the first-filed rule because in cases of concurrent jurisdiction of federal courts, the court which first has possession of the subject, in this case, the Western District of Kentucky, must decide it. To hold otherwise would subject the parties to severe prejudice based on the inherent risk of concurrent litigation resulting in conflicting opinions from two sister United States District Courts on identical issues.

## II. ARGUMENT

St. Paul does not dispute that the U.S. Court of Appeals for the Fourth Circuit has adopted the "first-filed" rule to govern cases of federal concurrent jurisdiction. See Opp. To Mot. To Dismiss, p. 5. Instead, St. Paul argues that the Court should deny TDSI's Motion because (1) the Kentucky Action is not the first-filed lawsuit, and (2) the Western District of North Carolina is a more convenient forum for the dispute between St. Paul and TDSI. See Opp. To Mot. To Dismiss, pp. 4, 6. Both arguments are lacking in merit, and underscore the fact that the insurance companies' are doing nothing more than overt forum shopping.

### A. Under the First-Filed Rule the Kentucky Action, Not the Underlying Litigation, is the First Matter to be Considered.

St. Paul is correct when it states that when the same parties file similar lawsuits in federal district courts, the first-filed doctrine dictates that, as a general principle, the first case should proceed at the expense of the second. See Opp. To Mot. To Dismiss, pp. 4, 6, citing Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 f. Supp. 2d 357, 360 (W.D.N.C. 2003). St. Paul is simply wrong in stating that the earlier judgment against ARG in the Underlying Lawsuit is the first-

2

filed lawsuit for purposes of applying the first-filed doctrine in this case. The Kentucky Action is the first-filed lawsuit between these parties, and the insurance companies know this to be true.

- No insurance company was ever named in the Underlying Litigation (TDSI and ARG).

- The insurance claims alleged in the Kentucky Action (direct insurer suit) are quit different thatn the contract claims adjudicated in the Underlying Litigation (breach of contract).

- In the Kentucky Action TDSI is seeking to recover for insured claims accruing during the St. Paul policy period, September 2002 through November 2004. The Underlying Action resulted in judgment for damages accrued from 1999-2006.

It is worth noting that St. Paul failed to argue that the Underlying Action was the first-filed (or even mention the first-filed rule) in any of its motions or briefs submitted to the Court in the Kentucky Action which requested transfer of venue to this Court.

In the Underlying Lawsuit TDSI was awarded judgment against ARG for damages caused to hundreds of TDSI's customer's automobiles from 1999 to 2006 at facilities located in four states, none of which are located in North Carolina. St. Paul was not a party and the case was closed when judgment was entered in favor of TDSI and against ARG on April 20, 2007, nearly three years ago.

In the Kentucky Action TDSI has brought suit against ARG's insurer St. Paul to recover for claims which arose principally in Kentucky and were covered under the policy purchased by ARG. TDSI did not bring suit in the Kentucky Action to find St. Paul liable for the entire $1,851,214.23 judgment. TDSI seeks recovery under the policy St. Paul issued to ARG. Injured parties are permitted under Kentucky law to pursue a claim directly against an insurer if it first obtained a judgment against the insured, then establishes the insolvency or bankruptcy of the insured. <u>French v. Murray, Inc., et al.</u>, 2007 U.S. Dist. LEXIS 5923 (W.D. Ky. 2007) (citations

3

omitted). TDSI has already obtained a judgment against ARG, and can easily demonstrate that ARG is insolvent or bankrupt.

In the Kentucky Action, St. Paul has asserted that its defense will be whether the claims at issue are "covered" under the applicable policy. This is exactly the declaration St. Paul is seeking from the Court in this Action. St. Paul must not be permitted to run to another jurisdiction it perceives as more favorable to bypass defending a previously filed lawsuit in a jurisdiction it perceives as less favorable. If St. Paul's suit is not dismissed, there is the troubling risk that two sister United States District Courts will reach conflicting opinions on identical legal and factual issues.

Consequently, because the necessary parties are the same in the North Carolina Action and in the Kentucky Action, and all of the issues asserted by St. Paul in the North Carolina Action have previously been raised by TDSI in the Kentucky Action, the Court must dismiss this second lawsuit pursuant to the first-filed rule.

**B.** **Convenience Factors Do Not Favor Retaining Venue in North Carolina.**

In deciding whether to dismiss a later filed suit under the first-filed rule, the Fourth Circuit gives priority to the first suit unless there are special circumstances or a showing of a balance of convenience in favor of the second suit. Learning Network, Inc. v. Discovery Commc'ns, 11 F. App'x 297, 300-01 (4th Cir. 2001) (citing Ellicott Mach. Corp. v. Modern Welding Co., Inc., 502 F.2d 178, 180 n.2 (4th Cir. 1974).

St. Paul does not cite any special circumstances preventing application of the first-filed rule. Instead St. Paul argues that a balance of convenience favors North Carolina. In applying this Court's eleven factor convenience test, St. Paul fails to demonstrate why the Court should

depart from the first-filed rule and not dismiss this case. Jim Crockett Promotions, inc. V. Action Media Group, Inc., 751 F. Supp. 93, 95 (W.D.N.C. 1990).

TDSI will address each factor individually as follows:

## 1. The Plaintiff's Choice of Forum

Given that St. Paul chose this forum only after TDSI filed suit in the U.S. District Court for the Western District of Kentucky seeking relief under Kentucky law, St. Paul's choice of forum is secondary and cannot, as a practical matter, be given any weight. The judgment against ARG in the Underlying Litigation is of no significance; St. Paul was not even a party to that lawsuit.

## 2. The Residence of the Parties

This factor does not weigh in favor of the second-filed North Carolina Action proceeding at the expense of the first-filed Kentucky Action. St. Paul is a Minnesota corporation, headquartered in Minneapolis, Minnesota. TDSI is a Virginia Corporation headquartered in Jacksonville, Florida. TDSI however did suffer losses at its two facilities located in Kentucky, as well as facilities in Pennsylvania, Maryland and Michigan. None of the facilities where the covered losses occurred are located in North Carolina. (Declaration of George J. Cumming, Jr., Docket No. 6, Ex. 2, A14-15).

St. Paul's reliance on the defunct ARG[2] defendants' place of incorporation is completely irrelevant and misplaced. None of the ARG defendants have made or are unlikely to make an appearance or respond in any way to St. Paul's complaint in the North Carolina Action. St. Paul makes the bold statement that ARG's officers are located in North Carolina, but supports that

---

[2] St. Paul believes that TDSI is incorrect to assert that ARG is defunct because the corporate status is listed with the North Carolina Secretary of State as Active. (Docket No. 9, p. 3, fn. 4). ARG has been insolvent and has not been operational for several years. To state that ARG is something other than defunct because it is listed as Active by the North Carolina Secretary of State's web page is absurd.

assertion only with a statement in Michael Bradshaw's declaration that in November 2002, over seven years ago, he believes that the officers resided in North Carolina. See Opp. To Mot. To Dismiss, pp. 7, 8. St. Paul displays its confusion later in its brief by stating the ARG parties may live in Indiana. See Opp. To Mot. To Dismiss, p. 9.

Despite St. Paul's claims, TDSI has verified that non-party individual witnesses, as well as TDSI employees, all with knowledge of the damages sustained by TDSI, are primarily located in Kentucky, although there are some witnesses located in Maryland, Michigan, and Pennsylvania. (Declaration of George J. Cumming, Jr., Docket No. 6, Ex. 2, A14-15).

The residence of the parties does not weigh in favor of North Carolina, as there are no viable parties with any meaningful connection to North Carolina.

### 3. Access to Evidence

Given that the covered claims arose primarily in Kentucky, most witnesses are located in Kentucky. There are however operative events and some important witnesses located in three other states, Michigan, Maryland, and Pennsylvania. To the extent that St. Paul may have any witness possibly located in North Carolina, allowing the later filed North Carolina Action to proceed is disfavored as it merely shifts the convenience from one party to the other. DMP Corp. v. Fruehaul Corp., 617 F. Supp. 76, 77 (W.D.N.C. 1985). As discussed previously, the current location of ARG and its principals is unknown.

The documents are located in the same jurisdictions as the respective witnesses. All of the documents can easily be subpoenaed. This fact does not support transfer. St. Paul offers no verified facts supporting the comment in its Memorandum that any relevant documents are actually located in North Carolina. If the defense of St. Paul is whether the claims at issue are covered under the policy—no claims accrued in North Carolina.

6

St. Paul's attack on the declaration of TDSI president George Cumming Jr. (Docket No. 6, Ex. 2, A14-15) is unwarranted.[3] In his declaration Mr. Cumming states that he has personal knowledge that the damages sought by TDSI in the Kentucky Action were primarily incurred in Kentucky and that none of the damages occurred in North Carolina. St. Paul offers no explanation to support its assertions that Mr. Cumming's declaration violates Federal Rules of Evidence 1002 and 802. The statements are on their face admissible. As president of TDSI, Mr. Cumming clearly has personal knowledge of all of the statements proffered in the declaration.

Without verification St. Paul also claims that documents from TDSI's suit against its insured ARG in the Underlying Litigation are located in North Carolina. TDSI's documents relating to the litigation are primarily located at TDSI's attorneys office located in Jenkintown, Pennsylvania. Other documents related to the suit are easily accessible through the Court's ECF filing system.

This factor does not justify having the second filed North Carolina Action proceeding at the expense of the first-filed Kentucky Action.

### 4. The Availability of Compulsory Process for Witnesses and the Costs of Transporting and Obtaining Those Witnesses

St. Paul identifies potential witnesses in North Carolina, but fails to identify why such witnesses would be necessary in this litigation. St. Paul does not deny that it issued an insurance policy to ARG. The location of negotiations regarding the terms of the policy, the location of

---

[3] On page 8 of its Opposition Brief, (Docket No. 9), St. Paul claims that the declaration of George Cumming Jr. (Docket No. 6, Ex. 2, A14-15), which states that the damages in the Kentucky Action principally occurred in Kentucky, is contradicted by the estimates in the amended complaint showing damages by location totaling $1.6 million with $345,000 occurring in Kentucky. Discovery in the Kentucky Action will show St. Paul failed to take into account that (1) damage estimates in the Underlying Lawsuit were adjusted to $1.8 million based on additional information and included incidents occurring from 1999-2006, (2) in the Kentucky Action, TDSI is seeking damages for claims during the St. Paul policy period, September 2002 through November 2004, (3) when evaluating the terms of the policy, including applying the policy deductible, the incidents giving rise to the damages in the Kentucky Action against St. Paul took place principally in Kentucky as stated in the declaration.

7

ARG's insurance agent and the location of an underwrite, have no relevance in either the North Carolina Action or the Kentucky Action.

Despite St. Paul's claims, TDSI has verified that non-party individual witnesses, as well as TDSI employees with knowledge of the damages sustained by TDSI, are primarily located in Kentucky, although there are some witnesses located in Maryland, Michigan, and Pennsylvania. (See Declaration of George J. Cumming, Jr., Docket No. 6, Ex. 2, A14-15)

Both Charlotte and Louisville have international airports easily accessible by out of state witnesses. Despite St. Paul's unverified assumptions, there is no basis for determining that the cost of having out of state witnesses travel to either jurisdiction is appreciably different.

This factor does not justify proceeding with the second filed North Carolina Action at the expense of the first-filed Kentucky Action.

### 5. The Possibility of a View by the Jury

TDSI agrees with St. Paul that this factor has no application in this dispute.

### 6. The Enforceability of a Judgment

As mentioned above, should the Court retain this case it would risk conflicting opinions from two sister United States District Courts on identical issues which would severely prejudice all parties. This factor clearly weighs in favor of Kentucky as the first-filed jurisdiction.

The judgment entered in the Underlying Action is not being currently being litigated. The case was closed when judgment was entered in favor of TDSI and against ARG on April 20, 2007.

### 7. The Relative Advantages and Obstacles to a Fair Trial

TDSI agrees with St. Paul that this factor has no application in this dispute.

8

### 8. Practical Issues Affecting Trial Expediency and Efficiency

This factor weighs heavily in favor of the first-filed Kentucky Action proceeding and the dismissal of the second-filed North Carolina Action. In addition to its suit against St. Paul, TDSI filed suit in the Western District of Kentucky against Liberty Mutual Fire Insurance Company and Hartford Fire Insurance Company seeking payment to TDSI for damages caused by ARG under the under the terms of the policies issued by the insurers and purchased by ARG.

Hartford filed an answer on December 2, 2009 in response to TDSI's Complaint conceding the propriety of venue with the Court in Kentucky. This matter is now proceeding in Kentucky

Liberty Mutual filed a similar action as St. Paul with this Court (See No. 3:09-cv-0511, W.D.N.C. November 30, 2009). TDSI is in the process of preparing a motion with the court seeking dismissal of Liberty's complaint in North Carolina.

TDSI has filed a motion to consolidate the three Kentucky Actions for purposes of discovery.

Denying TDSI's Motion to Dismiss would result in the parties conducting identical discovery in multiple jurisdictions and potentially inconsistent findings of identical factual and legal issues. TDSI agrees with St. Paul that it is an inefficient use of judicial resources to have identical issues litigated in both the North Carolina Action and the Kentucky Action. It was St. Paul's decision to waste judicial resources by commencing the second North Carolina Action in response to TDSI's earlier filed complaint in Kentucky.

### 9. The Relative Court Congestion Between the Districts

This factor has no application in this dispute.

10. **The Interest of Localized Controversies at Home &**
11. **The Avoidance of Conflict of Laws.**

These two factors overlap and do not support and do not weigh in favor of St. Paul's second filed North Carolina Action proceeding at the expense of TDSI's first-filed Kentucky Action. St. Paul's brief simply relies on a conclusory assumption that North Carolina law will apply in this case.

In Kentucky, the rights created by an insurance contract are determined by the "local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy". . <u>Lewis v. Am. Family Ins. Group</u>, 555 S.W.2d 579, 581-82 (Ky. 1977). St. Paul's Policy covered its insured's liability at twenty one locations, <u>eleven that are located in Kentucky</u>, only one in North Carolina. Clearly St. Paul understood that the principal location of the insured risk was Kentucky. The fact that St. Paul mailed its Policy from its North Carolina office is irrelevant.

The damages sought by TDSI were principally sustained in incidents involving the insured at facilities in Kentucky. (See Declaration of George J. Cumming, Jr., Docket No. 6, Ex. 2, A14-15). Clearly Kentucky's public has an interest in this case because automobiles were damaged within this state.

C. **St. Paul Motion to Transfer the Kentucky Action Does Not Defeat the Application of the First-Filed Rule.**

St. Paul's motion to transfer the Kentucky Action does not defeat the application of the first-filed rule here. The purpose of the first-filed rule is to encourage "sound judicial administration" and "promote comity among federal courts" where actions involve the same

parties and the same issues. Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 f. Supp. 2d 357, 360 (W.D.N.C. 2003). Its concern is to conserve judicial resources, avoid piecemeal litigation, and eliminate the risk of inconsistent adjudications. Id. The possible transfer of the Kentucky Action to this District is no reason to consolidate the actions instead of dismissing this Action. What the Kentucky Court does with the Kentucky Action is a separate matter.

D.  **St. Paul Motion to Transfer the Kentucky Action is Unfounded and Does Not Save the Action from Dismissal.**

St. Paul argues in the alternative that if the Court finds the Kentucky Action was the firs-filed, it should retain the Instant Action or take no action and allow the Court in the Kentucky Action to decide St. Paul's venue motions. Whether the Kentucky Action should be transferred to this Court is a matter for the Kentucky Court, and, as noted, the outcome of St. Paul's motion to transfer the Kentucky Action should not affect resolution of this Motion to Dismiss. TDSI notes that St. Paul's motion to transfer fails to demonstrate that the Western District of North Carolina is a more convenient forum for the Kentucky Action than the Western District of Kentucky.

St. Paul makes a brief argument that this Court should retain jurisdiction because it named the defunct ARG as an additional defendant in the Instant Action but not in the Kentucky Action. As stated above, ARG is not a necessary party in either the Kentucky Action or the Instant Action. Whether St. Paul can join ARG as a party is up to the Kentucky Court to decide. When multiple actions are filed in separate courts and involve the same facts but different parties, Courts have held that the action is deemed to have commenced and should be tried in the court in which the first complaint was filed, in this case the Western District of Kentucky. See Barber-Greene Co. v. Blaw-Knox Co., 239 F. 2d 774, 778 (6th Cir. 1957); American Modern Homes Ins. V. Insured Accounts Co., 704 F. Supp. 128, 129-130 (S.D. Ohio 1988).

11

Because St. Paul can still assert in the Kentucky case all defenses which it has raised in its declaratory judgment complaint, there is no practical need to stay or transfer this action, and dismissal is appropriate pursuant to Rule 12.

### III. CONCLUSION

This case must be dismissed under the first-filed rule because the Western District of Kentucky first had possession of the subject matter. TDSI's suit in Kentucky, and not the Underlying Lawsuit, is the first-filed suit for purposes of deciding TDSI's motion to dismiss. St. Paul has not shown why any of the exceptions to the first-filed rule are applicable to this case.

TDSI respectfully requests that this Court grant TDSI's motion pursuant to Federal Rule of Civil Procedure 12(b)(6), grant an Order dismissing the Complaint filed by plaintiff St. Paul Fire & Marine Insurance Company and awarding TDSI reasonable attorney's fees and such other relief as the Court deems just proper.

Respectfully submitted,

**BURTON & SUE, L.L.P.**

By: /s/ Gary Sue
Gary Sue
419 N. Elm Street
P.O. Box 20083
Greensboro, NC 27420
Telephone: (336) 275-0512
Facsimile: (336) 378-1390

Of Counsel:
Jeffrey D. Cohen *(Pro Hac Vice to be filed)*
**KEENAN COHEN & HOWARD P.C.**
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Telephone: (215) 609-1110
Facsimile: (215) 609-1117

Dated: December 30, 2009

Attorneys for Defendant
Total Distribution Services, Inc.

# CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on December 30, 2009, a true and correct copy of the foregoing Reply to St. Paul's Brief in Opposition to the Motion of Total Distribution Services to Dismiss and the Memorandum of Law in Support was filed electronically and served via the Court's ECF system to the following party, listed below. Parties may access this filing through the Court's system.

Richard T. Rice, Esquire
Womble, Carlyle, Sandridge and Rice
One West Fourth Street
Winston-Salem, NC 27101


By: /s/ Gary Sue
     Gary Sue